IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware Corporation, Plaintiff, v. INTERMEC TECHNOLOGIES CORP., a Washington Corporation, Defendant. | Civil Action No. 05-147 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Symbol Technologies, Inc. ("Symbol"), by its undersigned attorneys, as and for its Complaint against defendant Intermec Technologies Corporation ("Intermec"), alleges as follows:

1. This is an action for infringement of United States Letters Patent Nos. 5,029,183 ("'183 Patent"), 5,157,687 ("'687 Patent"), 5,479,441 ("'441 Patent") and 6,473,449 ("'449 Patent") (collectively, the "Symbol Patents"). Copies of the Symbol Patents are annexed hereto as Exhibits 1 through 4, respectively.

## THE PARTIES

2. Symbol is a Delaware corporation with its headquarters in Holtsville, New York. Symbol is a global leader in secure mobile information systems that integrate application-specific hand-held computers with wireless networks for data, voice and bar code data capture. Symbol's product lines include bar code scanning and data capture systems, hand-held and fixed mount mobile computers, and wireless local and wide-area networks.

3. On information and belief, Intermec is incorporated in the State of Washington, and has its principal place of business at 6001 36th Avenue West, Everett, Washington 98203. Intermec designs, manufacturers and sells portable data collection equipment, including bar code scanning and wireless networking devices.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, Title 35, United States Code §§ 101, et seq.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has personal jurisdiction over Intermec in that Intermec is licensed to do business in Delaware, and has a registered agent for service of process in Delaware. Additionally, on information and belief, Intermec regularly transacts business in this District by, inter alia, selling and offering for sale products that infringe one or more of the Symbol Patents.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I

(Infringement of the Symbol Patents)

7. Symbol repeats and re-alleges paragraphs 1 – 6 hereof as if fully set forth herein.

8. On July 2, 1991, the '183 Patent, entitled "Packet Data Communication Network," was duly and legally issued to LaRoy Tymes. All rights, title and interest in the patent were assigned to Symbol, which remains the sole owner.

9. On October 20, 1992, the '687 Patent entitled "Packet Data Communication Network" was duly and legally issued to LaRoy Tymes. All rights, title and interest in the patent were assigned to Symbol, which remains the sole owner.

10. On December 26, 1995, the '441 Patent, entitled "Packet Data Communication Network," was duly and legally issued to LaRoy Tymes and John Kramer. A petition was granted on October 22, 2002 to remove Mr. Kramer as a named inventor. All rights, title and interest in the patent were assigned to Symbol, which remains the sole owner.

11. On October 29, 2002, the '449 Patent entitled "High-Data-Rate Wireless Local-Area Network" was duly and legally issued to John H. Cafarella and Jeffrey H. Fischer. All rights, title and interest in the patent were assigned to Proxim, Inc., and were subsequently assigned to Symbol, which remains the sole owner.

12. Intermec has infringed and continues to infringe, has induced and continues to induce others to infringe, and/or has committed and continues to commit acts of contributory infringement of, one or more claims of each of the Symbol Patents by the manufacture and/or sale of at least the following Intermec products: 2415 Handheld; 6400 Handheld; CK30

Handheld; 6650 Pen Tablet; 6651 Pen Tablet; 730 Mobile Computer; 700 Series Mono Mobile, including 740, 750 and 760; 2455 Vehicle Mount; 2475 Vehicle Mount; 5055 Vehicle Mount; 2485 Stationary Mount; 2486 Stationary Mount; MobileLAN™ WA21; MobileLAN™ WA22; MobileLAN™ 2100; MobileLAN™ 2101; MobileLAN™ 2102; EasyCoder® 3400e; EasyCoder® 4420; EasyCoder® 4440; PB41 Direct Thermal Printer; and Intellitag PM4i.

13. On information and belief, Intermec's foregoing acts of infringement were, and continue to be, willful and deliberate.

14. As a result of Intermec's infringement, inducement of infringement and/or contributory infringement, Symbol has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Intermec's infringing activities are enjoined by this Court.

15. Symbol does not have an adequate remedy at law, and, unless an injunction is issued enjoining Intermec and its agents, servants, employees, attorneys, representatives, and all others acting on their behalf, from infringing the Symbol Patents, Symbol will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Symbol prays for judgment and relief against Intermec:

A. Declaring that Intermec has infringed, induced others to infringed, and/or committed acts of contributory infringement with respect to claims of each of the Symbol Patents;

B. Declaring that Intermec's infringement of each of the Symbol Patents has been, and continues to be, willful and deliberate;

C. Enjoining Intermec, its subsidiaries, officers, agents, servants, employees, licensees, and all other persons acting or attempting to act in active concert or participation with them or acting on their behalf, from further infringement, inducement of infringement, or contributory infringement of any of the Symbol Patents;

D. Directing that Intermec account for and pay to Symbol all damages caused to Symbol by reason of Intermec's infringement pursuant to 35 U.S.C § 284, including enhanced damages thereunder;

E. Directing Intermec to pay Symbol's costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285;

F. Awarding Symbol pre-judgment and post-judgment interest on the damages awarded to it by reason of Intermec's infringement; and

G. Granting Symbol such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Symbol hereby demands trial by jury on all issues in its Complaint.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

March 10, 2005

*/s/ Karen L. Pascale*
Andre G. Bouchard (I.D. No. 2504)
Karen L. Pascale (I.D. No. 2903)
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500
*Attorneys for Plaintiff Symbol Technologies, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
Jonathan M. Sobel
Ernest Yakob
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 637-5000