**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> INTERMEC TECHNOLOGIES CORP., a Washington Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 05-147-SLR <br><br> **DEMAND FOR JURY TRIAL** |

## ANSWER AND COUNTERCLAIMS OF INTERMEC TECHNOLOGIES CORP.

Defendant Intermec Technologies Corp. ("Intermec"), by and through its undersigned attorneys, answers plaintiff Symbol Technologies, Inc.'s ("Symbol") Complaint ("the Complaint") as follows:

1. Intermec admits that Symbol filed this action for infringement of U.S. Patent No. 5,029,183 ("the '183 patent"), U.S. Patent No. 5,157,687 ("the '687 patent"), U.S. Patent No. 5,479,441 ("the '441 patent"), and U.S. Patent No. 6,473,449 ("the '449 patent") (collectively, "the Symbol Patents-In-Suit"), and that copies of the patents were attached to the Complaint; otherwise, denied.

## THE PARTIES

2. Intermec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Intermec admits the allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Intermec admits that this action arises under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq.*; otherwise, denied.

5. Intermec admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and that this Court has personal jurisdiction over Intermec; otherwise, denied.

6. Intermec admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I
(Infringement of the Symbol Patents)

7. Intermec repeats and re-alleges its answers to paragraphs 1-6 as if fully set forth herein.

8. Intermec admits that the '183 patent issued on July 2, 1991, and is entitled "Packet Data Communication Network." Intermec denies that the '183 patent was duly and legally issued. Intermec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint.

9. Intermec admits that the '687 patent issued on October 20, 1992, and is entitled "Packet Data Communication Network." Intermec denies that the '687 patent was duly and legally issued. Intermec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint.

10. Intermec admits that the '441 patent issued on December 26, 1995, and is entitled "Packet Data Communication System [not Network]." Intermec denies that the '441 patent was duly and legally issued. Intermec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint.

11. Intermec admits that the '449 patent issued on October 29, 2002, and is entitled "High-Data-Rate Wireless Local-Area Network." Intermec denies that the '449 patent was duly and legally issued. Intermec is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint.

12. Intermec denies the allegations in paragraph 12 of the Complaint.

13. Intermec denies the allegations in paragraph 13 of the Complaint.

14. Intermec denies the allegations in paragraph 14 of the Complaint.

15. Intermec denies the allegations in paragraph 15 of the Complaint.

## **DEFENSES**

16. Intermec has not infringed and is not infringing, directly or indirectly, any claim of the '183 patent, the '687 patent, the '441 patent, or the '449 patent.

17. The claims of the '183 patent, the '687 patent, the '441 patent, and the '449 patent are invalid for failure to comply with one or more provisions of the Patent Act, 35 U.S.C. §§ 101 *et seq.*

18. Claims of the '449 patent are invalid for obviousness-type double patenting.

19. Symbol's claims are barred by its unclean hands.

20. Symbol's claims are in breach of a covenant not to sue included in an August, 2003 OEM Agreement between Symbol and Intermec. That agreement is the subject of a prior-filed action in this Court, C.A. No. 05-146-GMS.

21. Some or all of the allegedly infringing products have an implied license as a result of sales to Intermec by Symbol or by third parties who are licensed to Symbol.

## COUNTERCLAIMS

Counterclaim-plaintiff Intermec, by its undersigned attorneys, for its counterclaims against Symbol, alleges as follows:

22. Intermec is a Washington corporation with a principal place of business at 6001 36th Avenue West, Everett, Washington 98203.

23. Upon information and belief, Symbol is a Delaware corporation with a principal place of business in Holtsville, New York.

24. These counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

25. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNTERCLAIMS

### COUNT I
(Declaratory Judgment)

26. Intermec incorporates paragraphs 1 through 25 by reference as though fully set forth herein.

27. Symbol has alleged that it owns the Symbol Patents-In-Suit.

28. Symbol has alleged that certain Intermec products have infringed and are infringing the Symbol Patents-In-Suit.

29. Intermec denies that it has infringed any of the Symbol Patents-In-Suit.

30. Intermec has alleged that the claims of each of the Symbol Patents-In-Suit are invalid for failure to comply with one or more provisions of the Patent Act, 35 U.S.C. §§ 101 *et seq*.

31.     An actual controversy exists between Intermec and Symbol by virtue of the allegations of Symbol's Complaint in this action and Intermec's Answer as to whether any of the Symbol Patents-In-Suit are valid and/or not infringed by Intermec.

32.     Intermec seeks a declaration that each of the Symbol Patents-In-Suit is invalid.

33.     Intermec seeks a declaration that each of the Symbol Patents-In-Suit is not infringed.

## COUNT II
(Infringement Of Intermec Patents)

34.     If, notwithstanding Symbol's breach of its covenant not sue (see ¶ 20, supra), the Court permits this action to go forward, Intermec asserts the following counterclaim for patent infringement. Intermec incorporates paragraphs 1 through 33 by reference as though fully set forth herein.

35.     On September 20, 1994, United States Patent No. 5,349,678 ("the '678 patent"), entitled "Versatile RF Data Capture System," was duly and legally issued to Michael D. Morris and Lyle L. Zumbach. Intermec owns all right and title to the '678 patent. A copy of the '678 patent is attached hereto as Exhibit A.

36.     On October 22, 1996, United States Patent No. 5,568,645 ("the '645 patent"), entitled "Versatile RF Data Capture System," was duly and legally issued to Michael D. Morris and Lyle L. Zumbach. Intermec owns all right and title to the '645 patent. A copy of the '645 patent is attached hereto as Exhibit B.

37.     On November 16, 1999, United States Patent No. 5,987,499 ("the '499 patent"), entitled "Versatile RF Data Capture System," was duly and legally issued to Michael D.

Morris and Lyle L. Zumbach. Intermec owns all right and title to the '499 patent. A copy of the '499 patent is attached hereto as Exhibit C.

38. On April 6, 1999, United States Patent No. 5,892,971 ("the '971 patent"), entitled "Portable Data Processing Device Having An Indicia Reader And A Multi-Tasking Operating System Capable Of Executing Battery Monitoring Instructions While Concurrently Executing Application Programs," was duly and legally issued to Arvin D. Danielson and Dennis A. Durbin. Intermec owns all right and title to the '971 patent. A copy of the '971 patent is attached hereto as Exhibit D.

39. On January 28, 1997, United States Patent No. 5,598,487 ("the '487 patent"), entitled "Hand-Held Data Entry System Removable Signature Pad," was duly and legally issued to David C. Hacker, Jerry L. Walter, Arvin D. Danielson and Dennis A. Durbin. Intermec owns all right and title to the '487 patent. A copy of the '487 patent is attached hereto as Exhibit E.

40. On September 16, 2003, United States Patent No. 6,621,942 B1 ("the '942 patent"), entitled "Data Capture Apparatus With Handwritten Data Receiving Component," was duly and legally issued to David C. Hacker, Jerry L. Walter, Arvin D. Danielson and Dennis A. Durbin. Intermec owns all right and title to the '942 patent. A copy of the '942 patent is attached hereto as Exhibit F.

41. Symbol has been and is infringing, and has been and is inducing and contributing to the infringement of, the '678 patent, the '645 patent, the '499 patent, the '971 patent, the '487 patent and the '942 patent ("the Intermec patents") in violation of 35 U.S.C. § 271, by making, using, selling, and/or offering for sale in the United States, and inducing and encouraging others to use, without license or authorization, devices including but not limited to

Symbol's MC3000 Handheld Computer, MC9000 family of Mobile Computers, MC50 Enterprise Mobile Digital Assistant, PDT 8000 mobile computer, PDT 8100 series Portable Data Terminal, PDT 8037 Ruggedized Handheld Computer, PDT 8056 Ruggedized Handheld Computer, PPT 2800 Series Portable Pen Terminal, SPT 1550 Pocketable Computers, SPT 1800 Series Pocketable Computers, PPT 8800 Series Mobile Computer, and Mobility Service Platform (MSP).

42. Symbol's infringement of the Intermec patents has caused, and will continue to cause, Intermec damages for which Intermec is entitled to receive adequate compensation.

43. On information and belief, Symbol's infringement of the Intermec patents has been and is willful and deliberate, and will continue unless enjoined by this Court.

44. Intermec has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, defendant counterclaim-plaintiff Intermec prays that the Court enter judgment:

(a) That Symbol has infringed the Intermec patents;

(b) That Symbol's infringement of the Intermec patents has been willful;

(c) Granting a preliminary and permanent injunction restraining Symbol, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from further infringement of the Intermec patents;

(d) Awarding Intermec damages from Symbol adequate to compensate for Symbol's infringement, including interest and costs;

   (e)  Awarding Intermec treble damages based on the willfulness of Symbol's infringement;

   (f)  Dismissing Symbol's Complaint with prejudice;

   (g)  Declaring that Intermec has not infringed and is not infringing any claim of the Symbol Patents-In-Suit;

   (f)  Declaring each of the Symbol Patents-In-Suit invalid;

   (j)  Declaring the case to be an exceptional case under 35 U.S.C. § 285, and awarding Intermec its reasonable attorneys' fees and costs;

   (k)  Awarding Intermec its costs; and

   (l)  Granting Intermec such other and further relief as the Court deems just and proper.

           MORRIS, NICHOLS, ARSHT & TUNNELL

           /s/   Jack B. Blumenfeld
           Jack B. Blumenfeld (#1014)
           Rodger D. Smith II (#3778)
           Leslie A. Polizoti (#4299)
           1201 N. Market Street
           P.O. Box 1347
           Wilmington, DE  19899
           (302) 658-9200
            Attorneys for Defendant and Counterclaim-
            Plaintiff Intermec Technologies Corp.

OF COUNSEL:

Frederick A. Lorig
Bruce R. Zisser
BRIGHT & LORIG
633 West Fifth Street, Suite 3330
Los Angeles, CA  90071
(213) 627-7774


March 23, 2005

CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on March 23, 2005 I electronically filed Answer and Counterclaims of Intermec Technologies Corp. with the Clerk of the Court using CM/ECF, which will send notification of such filing to Karen L. Pascale (kpascale@bmf-law.com).

I also certify that copies were caused to be served on March 24, 2005 upon the following in the manner indicated:

**BY HAND**

Karen L. Pascale, Esquire
Bouchard, Margules & Friedlander
222 Delaware Avenue
Suite 1400
Wilmington, DE  19801

**BY FEDERAL EXPRESS**

Eric J. Lobenfeld, Esquire
Hogan & Hartson
875 Third Avenue
New York, NY  10022

/s/    Jack B. Blumenfeld (#1014)
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com