## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SYMBOL TECHNOLOGIES, INC.,           )
a Delaware Corporation,              )
                         Plaintiff,  )
                                     )    Civil Action No. 05-147-SLR
          v.                         )
                                     )
INTERMEC TECHNOLOGIES CORP.,         )    **JURY TRIAL DEMANDED**
a Washington Corporation,            )
                                     )
                        Defendant.   )

### SYMBOL'S REPLY TO INTERMEC'S COUNTERCLAIMS
### AND SYMBOL'S COUNTERCLAIMS AGAINST INTERMEC

Plaintiff-Counterclaim Defendant Symbol Technologies, Inc. ("Symbol"), by its undersigned attorneys, herein replies to the numbered paragraphs of the Answer and Counterclaims ("Counterclaims") of Intermec Technologies Corp. ("Intermec"):

22.    Admits, on information and belief, the allegations contained in paragraph 22 of the Counterclaims.

23.    Admits the allegations contained in paragraph 23 of the Counterclaims.

24.    In response to paragraph 24 of the Counterclaims, admits that Intermec purports to invoke the jurisdiction of the Court pursuant to the statutes cited therein.

25.    In response to paragraph 25 of the Counterclaims, admits that Intermec purports to invoke the jurisdiction of the Court pursuant to the statutes cited therein.

### COUNT I
(Declaratory Judgment)

26.    Repeats and re-alleges its responses to paragraphs 22-25 as if fully set forth herein.

27.    Admits the allegations contained in paragraph 27 of the Counterclaims.

28.    Admits the allegations contained in paragraph 28 of the Counterclaims.

29.    Admits that Intermec has denied that it infringes United States Letters Patent Nos.

5,029,183 ("the '183 Patent"), 5,157,687 ("the '687 Patent"), 5,479,441 ("the '441 Patent") and

6,473,449 ("the '449 Patent") (collectively, the "Symbol Patents").

30.    Admits that Intermec has alleged that the claims of each of the Symbol Patents are

invalid for failure to comply with one or more provisions of the Patent Act, 35 U.S.C. §§ 101 et

seq.

31.    Admits the allegations contained in paragraph 31 of the Counterclaims.

32.    Admits that Intermec seeks a declaration that each of the Symbol Patents is

invalid.

33.    Admits that Intermec seeks a declaration that each of the Symbol Patents is not

infringed.

## COUNT II
(Infringement of Intermec Patents)

34.    Repeats and re-alleges its responses to paragraphs 22-33 as if fully set forth herein,

and to the extent that paragraph 34 of Intermec's Answer and Counterclaims is construed to

contain any allegations, denies them.

35.    Admits that U.S. Patent No. 5,349,678 ("the '678 Patent") was issued on

September 20, 1994, denies that the '678 Patent was duly and legally issued, and is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 35.

36.    Admits that U.S. Patent No. 5,568,645 ("the '645 Patent") was issued on October

22, 1996, denies that the '645 Patent was duly and legally issued, and is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36.

2

37.     Admits that U.S. Patent No. 5,987,499 ("the '499 Patent") was issued on November 16, 1999, denies that the '499 Patent was duly and legally issued, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37.

38.     Admits that U.S. Patent No. 5,892,971 ("the '971 Patent") was issued on April 6, 1999, denies that the '971 Patent was duly and legally issued, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38.

39.     Admits that U.S. Patent No. 5,598,487 ("the '487 Patent") was issued on January 28, 1997, denies that the '487 Patent was duly and legally issued, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39.

40.     Admits that U.S. Patent No. 6,621,942 B1 ("the '942 Patent") was issued on September 16, 2003, denies that the '942 Patent was duly and legally issued, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40.

41.     Denies the allegations contained in paragraph 41 of the Counterclaims.

42.     Denies the allegations contained in paragraph 42 of the Counterclaims.

43.     Denies the allegations contained in paragraph 43 of the Counterclaims.

44.     Denies the allegations contained in paragraph 44 of the Counterclaims.

45.     Denies each and every allegation of the Counterclaims not heretofore expressly admitted.

### FIRST AFFIRMATIVE DEFENSE
#### (License)

46.     Intermec's claims for patent infringement are barred in whole or in part based upon a license granted by Intermec to Symbol.

3

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

47.    On information and belief, the '678 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101, et seq.

48.    On information and belief, the '645 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101, et seq.

49.    On information and belief, the '499 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101, et seq.

50.    On information and belief, the '971 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101, et seq.

51.    On information and belief, the '487 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101, et seq.

52.    On information and belief, the '942 Patent is invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, §§ 101, et seq.

## THIRD AFFIRMATIVE DEFENSE
### (Non-infringement)

53.    Symbol has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '678 Patent.

54.    Symbol has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '645 Patent.

55.    Symbol has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '499 Patent.

56.    Symbol has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '971 Patent.

57.    Symbol has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '487 Patent.

58.    Symbol has not infringed, contributed to infringement by others or induced others to infringe, and does not infringe, contribute to infringement by others or induce others to infringe any claim of the '942 Patent.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mark or Give Notice)

59.    Intermec's claims are limited pursuant to 35 U.S.C. § 287.

## COUNTERCLAIMS AGAINST INTERMEC

Plaintiff-Counterclaim Defendant Symbol, by its undersigned attorneys, as and for its Counterclaims against Defendant-Counterclaimant Intermec, states as follows:

## JURISDICTION AND VENUE

60.     This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et. seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

61.     This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 (a) and 2201(a).

62.     On information and belief this Court has personal jurisdiction over Intermec as a corporation that has already submitted itself to this Court's jurisdiction.

63.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b).

## PARTIES

64.     Plaintiff-Counterclaim Defendant Symbol, is incorporated under the laws of the State of Delaware, and has its principal place of business at One Symbol Plaza, Holtsville, NY 11742.

65.     On information and belief based on the assertions contained in paragraph 22 of Intermec's Answer and Counterclaims, Intermec is incorporated under the laws of the State of Washington, and has its principal place of business at 6001 36th Ave. West, Everett, WA 98203.

## EXISTENCE OF A JUSTICIABLE CONTROVERSY

66.     U.S. Patent No. 5,349,678 ("the '678 Patent") entitled "Versatile RF Data Capture System" appears, on its face, to have been issued on September 20, 1994.

6

67.    U.S. Patent No. 5,568,645 ("the '645 Patent") entitled "Versatile RF Data Capture System" appears, on its face, to have been issued on October 22, 1996.

68.    U.S. Patent No. 5,987,499 ("the '499 Patent") entitled "Versatile RF Data Capture System" appears, on its face, to have been issued on November 16, 1999.

69.    U.S. Patent No. 5,892,971 ("the '971 Patent") entitled "Portable Data Processing Device Having An Indicia Reader And A Multi-Tasking Operating System Capable Of Executing Battery Monitoring Instructions While Concurrently Executing Application Programs" appears, on its face, to have been issued on April 6, 1999.

70.    U.S. Patent No. 5,598,487 ("the '487 Patent") entitled "Hand-Held Data Entry System Removable Signature Pad" appears, on its face, to have been issued on January 28, 1997.

71.    U.S. Patent No. 6,621,942 B1 ("the '942 Patent") entitled "Data Capture Apparatus With Handwritten Data Receiving Component" appears, on its face, to have been issued on September 16, 2003.

72.    Intermec claims to be the present owner of all right and title to the '678, '645, '499, '971, '487 and '942 Patents.

73.    Intermec has brought Counterclaims against Symbol in this judicial district alleging infringement of the '678, '645, '499, '971, '487 and '942 Patents.

74.    There exists a justiciable controversy between Symbol and Intermec concerning the validity, enforceability and/or infringement of the '678, '645, '499, '971, '487 and '942 Patents as set forth in the Counterclaims and Symbol's Reply thereto set forth herein.

## FIRST CLAIM FOR RELIEF AGAINST INTERMEC
### (Declaratory Judgment of Invalidity of the '678 Patent, the '645 Patent, the '499 Patent, the '971 Patent, the '487 Patent and the '942 Patent)

75.    Symbol repeats and re-alleges the allegations contained in paragraphs 58-72 of its Counterclaims against Intermec as if fully set forth herein.

76.    Symbol is entitled to a declaratory judgment that the claims of the '678 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 et seq.

77.    Symbol is entitled to a declaratory judgment that the claims of the '645 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 et seq.

78.    Symbol is entitled to a declaratory judgment that the claims of the '499 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 et seq.

79.    Symbol is entitled to a declaratory judgment that the claims of the '971 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 et seq.

80.    Symbol is entitled to a declaratory judgment that the claims of the '487 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 et seq.

81.    Symbol is entitled to a declaratory judgment that the claims of the '942 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, §§ 101 et seq.

## SECOND CLAIM FOR RELIEF AGAINST INTERMEC
### (Declaratory Judgment of Non-Infringement of the '678 Patent, the '645 Patent , the '499 Patent, the '971 Patent, the '487 Patent and the '942 Patent)

82.     Symbol repeats and re-alleges the allegations contained in paragraphs 58-72 of its Counterclaims Against Intermec as if fully set forth herein.

83.     Symbol is entitled to a declaratory judgment that it has not infringed, contributed to the infringement by others or induced others to infringe, and does not infringe, contribute to the infringement by others or induce others to infringe any claim of the '678 Patent.

84.     Symbol is entitled to a declaratory judgment that it has not infringed, contributed to the infringement by others or induced others to infringe, and does not infringe, contribute to the infringement by others or induce others to infringe any claim of the '645 Patent.

85.     Symbol is entitled to a declaratory judgment that it has not infringed, contributed to the infringement by others or induced others to infringe, and does not infringe, contribute to the infringement by others or induce others to infringe any claim of the '499 Patent.

86.     Symbol is entitled to a declaratory judgment that it has not infringed, contributed to the infringement by others or induced others to infringe, and does not infringe, contribute to the infringement by others or induce others to infringe any claim of the '971 Patent.

87.     Symbol is entitled to a declaratory judgment that it has not infringed, contributed to the infringement by others or induced others to infringe, and does not infringe, contribute to the infringement by others or induce others to infringe any claim of the '487 Patent.

88.     Symbol is entitled to a declaratory judgment that it has not infringed, contributed to the infringement by others or induced others to infringe, and does not infringe, contribute to the infringement by others or induce others to infringe any claim of the '942 Patent.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief prayed for in Symbol's Complaint, Plaintiff-Counterclaim Defendant Symbol requests this Court:

A.    Enter judgment dismissing with prejudice Intermec's Counterclaims for Patent Infringement pursuant to 35 U.S.C. § 271 et seq.;

B.    Enter judgment declaring that the '678 Patent is invalid and that Intermec is barred from asserting the '678 Patent against Symbol;

C.    Enter judgment declaring that the '645 Patent is invalid and that Intermec is barred from asserting the '645 Patent against Symbol;

D.    Enter judgment declaring that the '499 Patent is invalid and that Intermec is barred from asserting the '499 Patent against Symbol;

E.    Enter judgment declaring that the '971 Patent is invalid and that Intermec is barred from asserting the '499 Patent against Symbol;

F.    Enter judgment declaring that the '487 Patent is invalid and that Intermec is barred from asserting the '487 Patent against Symbol;

G.    Enter judgment declaring that the '942 Patent is invalid and that Intermec is barred from asserting the '942 Patent against Symbol;

H.    Enter judgment declaring that Symbol has not infringed, contributed to the infringement of, or induced others to infringe any claim of the '678 Patent;

I.    Enter judgment declaring that Symbol has not infringed, contributed to the infringement of, or induced others to infringe any claim of the '645 Patent;

J.    Enter judgment declaring that Symbol has not infringed, contributed to the infringement of, or induced others to infringe any claim of the '499 Patent;

K.    Enter judgment declaring that Symbol has not infringed, contributed to the infringement of, or induced others to infringe any claim of the '971 Patent;

L.    Enter judgment declaring that Symbol has not infringed, contributed to the infringement of, or induced others to infringe any claim of the '487 Patent;

M.    Enter judgment declaring that Symbol has not infringed, contributed to the infringement of, or induced others to infringe any claim of the '942 Patent;

N.    Enter judgment declaring this case exceptional and ordering Intermec to pay Symbol's costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

O.    Such other or further relief as this Court may deem just and proper.

BOUCHARD MARGULES & FRIEDLANDER, P.A.


   /s/ Karen L. Pascale
Andre G. Bouchard (I.D. No. 2504)
Karen L. Pascale (I.D. No. 2903)
   [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500

*Attorneys for Plaintiff, Counterclaim
Defendant and Counterclaimant
Symbol Technologies, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
Tedd W. Van Buskirk
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000


April 12, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2005, I caused to be electronically filed a true and correct copy of the notice of the foregoing ***Symbol's Reply to Intermec's Counterclaims and Symbol's Counterclaims Against Intermec*** with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> MORRIS NICHOLS ARSHT & TUNNELL
> 1201 N. Market Street
> Wilmington, DE 19801
> [jblumenfeld@mnat.com]

I further certify that on April 12, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel, and that a copy was served on the following non-registered participants on the same date in the manner indicated:

> ***By E-mail***
>
> Frederick A. Lorig, Esquire
> BRIGHT & LORIG, P.C.
> 633 West Fifth Street
> Suite 3330
> Los Angeles, CA  90071
> [florig@brightlorig.com]

> _____/s/ Karen L. Pascale_____
> BOUCHARD MARGULES & FRIEDLANDER, P.A.
> Andre G. Bouchard (#2504) [abouchard@bmf-law.com]
> Karen L. Pascale (#2903) [kpascale@bmf-law.com]
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801
> (302) 573-3500
>   *Attorneys for Plaintiff, Counterclaim*
>   *Defendant and Counterclaimant*
>   *Symbol Technologies, Inc.*