**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware Corporation, | ) ) ) ) | |
| Plaintiff-Counterclaim Defendant, | ) ) | Civil Action No. 05-147-SLR |
| v. | ) ) | |
| INTERMEC TECHNOLOGIES CORP., a Washington Corporation, | ) ) ) | |
| Defendant-Counterclaimant. | ) | |

**SCHEDULING ORDER**

This _____ day of May, 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by June 6, 2005 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects:

        (1) infringement of the patents-in-suit;

        (2) validity of the patents-in-suit;

        (3) willful infringement;

        (4) any other claims and/or defenses; and

        (5) damages.

(b) All fact discovery shall be commenced in time to be completed by [Symbol – Friday, June 9, 2006] [Intermec – Friday, August 25, 2006].

(1) Document production shall be completed on or before [Symbol – Friday, September 23, 2005] [Intermec – Thursday, October 20, 2005].

(2) Maximum of 50 interrogatories by each party to any other party.

(3) Maximum of 100 requests for admission by each party to any other party.

(4) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(5) Maximum of [Symbol – 175 hours of] [Intermec – thirty-five] fact depositions by plaintiff and by defendant. Each fact deposition limited to a maximum of seven hours [Symbol – per day] unless extended by agreement of the parties.

(c) Expert discovery shall be commenced in time to be completed by [Symbol – Monday, August 21, 2006] [Intermec – Tuesday, November 21, 2006].

(1) Expert reports on issues for which the parties have the burden of proof due [Symbol – Friday, June 30, 2006] [Intermec – Monday, September 18, 2006]. Rebuttal expert reports due [Symbol – Monday, July 24, 2006] [Intermec – Monday, October 23, 2006].

(2) Each expert deposition to be limited to a maximum of seven hours unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before [Symbol - Friday, September 1, 2006] [Intermec – Monday, December 4, 2006].

(d) Supplementations under Rule 26(e) due as required by that rule.

(e) **Discovery Disputes**.

(1) The court shall conduct in-person discovery status conferences on November ___, 2005 from ____ _.m. to ____ _.m., and on [Symbol - April ___, 2006] [Intermec – June ___, 2006] from ____ _.m. to ____ _.m., the time to be allocated equally among the parties.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(f) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate

unless extended by agreement of the parties or upon order of the court upon good cause shown.

   3.   **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties an amend the pleadings shall be filed on or before [Symbol - Wednesday, February 8, 2006] [Intermec – Monday, May 8, 2006].

   4.   **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

   5.   **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on [Symbol - Monday, July 31, 2006] [Intermec – Monday, August 7, 2006], the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

   6.   **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before [Symbol - Monday, September 11, 2006] [Intermec – Monday, December 4, 2006]. Answering briefs shall be served and filed by [Symbol - Thursday, October 12, 2006] [Intermec – Friday, January 12, 2007], and reply briefs shall be served and filed by [Symbol - Thursday, October 26, 2006] [Intermec – Friday, January 26, 2007]. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court. Oral argument will be held on [Symbol - December ___, 2006] [Intermec – February __, 2007].

7. **Claim Construction.** Opening briefs for issues of claim construction shall be submitted to the court no later than [Symbol - Monday, September 11, 2006] [Intermec – Monday, December 4, 2006], to be considered by the court in conjunction with the summary judgment motions. Answering briefs shall be served and filed on or before [Symbol - Thursday, October 12, 2006] [Intermec – Friday, January 12, 2007]. Oral argument will be held at the time set forth in paragraph 6.

8. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted **by letter or in a form other than a motion,** absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on [Symbol - January ____, 2007] [Intermec – May ___, 2007] at ____ _.m. in courtroom 6B, sixth

floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

  11. **Trial.** This matter is scheduled for a four-week jury trial commencing on [Symbol - February __, 2007] [Intermec – June ___, 2007] in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

                _____
                United States District Judge