IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOL TECHNOLOGIES, INC., a Delaware Corporation,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>INTERMEC TECHNOLOGIES CORP., a Washington Corporation,<br>　　　　　　Defendant. | )<br>)<br>)<br>)  Civil Action No. 05-147-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF SUBPOENA DIRECTED TO FORTH, INC.

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim Defendant Symbol Technologies, Inc. will serve a subpoena upon Forth, Inc., in the form attached hereto, for the production on July 1, 2005 of the documents described in Schedule "A" of Document Requests attached to the subpoena.

　　　　　　　　　　　　　　　　　　　BOUCHARD MARGULES & FRIEDLANDER, P.A.

June 10, 2005
　　　　　　　　　　　　　　　　　　　　　/s/ Karen L. Pascale
　　　　　　　　　　　　　　　　　　　Andre G. Bouchard (I.D. No. 2504)
　　　　　　　　　　　　　　　　　　　Karen L. Pascale (I.D. No. 2903)
　　　　　　　　　　　　　　　　　　　　[kpascale@bmf-law.com]
　　　　　　　　　　　　　　　　　　　222 Delaware Avenue, Suite 1400
　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　(302) 573-3500

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff, Counterclaim*
　　　　　　　　　　　　　　　　　　　　*Defendant and Counterclaimant*
　　　　　　　　　　　　　　　　　　　　*Symbol Technologies, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
Tedd W. Van Buskirk
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

__CENTRAL__ DISTRICT OF __CALIFORNIA__

SYMBOL TECHNOLOGIES, INC., Plaintiff,

V.

INTERMEC TECHNOLOGIES CORP., Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1]   05-147-SLR

TO: FORTH, Inc.
5115 West Rosecrans Ave.
Suite 1018
Hawthorne, CA 90250

PENDING IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Schedule A" of Document Requests

| PLACE | DATE AND TIME |
|---|---|
| Hogan & Hartson L.L.P., 875 Third Avenue, New York, NY 10022 | July 1, 2005<br>5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Karen L. Pascale    Attorney for Plaintiff | June 9, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Karen L. Pascale, Esquire, Bouchard Margules & Friedlander, P.A., 222 Delaware Avenue, Suite 1400, Wilmington DE 19801, (302) 573-3500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DOCUMENT REQUESTS

### *DEFINITIONS*

1. "Forth" means Forth, Inc., and its parents, subsidiaries, divisions, branches, affiliates, predecessors or successors in business of either of these companies, and wholly owned or partially owned entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including without limitation any agents, employees, officers, directors, attorneys, investigators, and consultants of any of the foregoing.

2. "FedEx" means FedEx Corporation, and its parents, subsidiaries, divisions, branches, affiliates, predecessors or successors in business of either of these companies, and wholly owned or partially owned entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including without limitation any agents, employees, officers, directors, attorneys, investigators, and consultants of any of the foregoing.

3. "The Identified Products" means all portable data processing devices that were manufactured for, sold to or used by Forth or any customer of Forth, including but not limiting to FedEx, between January 1, 1980 to January 14, 1988, including but not limited to all versions of the devices known as the SuperTracker or HHP Microwand.

4. The term "Software" includes any computer program, operating system, source code, firmware, and the hardware environment in which any of the foregoing runs.

5. "The Forth Development System" means anything provided or used by Forth to develop Software for The Identified Products, including but not limiting to the Forth language,

PolyForth, the ChipForth development system, and any other programming languages, software development systems, software development tools, software development environments, compilers, processors, and/or hardware.

## REQUESTS FOR PRODUCTION

1.  Representative samples of each of The Identified Products.

2.  Documents sufficient to identify the version, trade name, model number, and/or other applicable designation for: a) each of The Identified Products; b) each operating system used in each of The Identified Products; and c) each component of the Forth Development System.

3.  All documents and things concerning the structure, function and/or operation of each of The Identified Products, and the Software used in each of the Identified Products, including but not limited to, user's manuals, specifications, technical overviews and source code.

4.  All documents and things concerning the Forth Development System, including but not limited to, user's manuals, specifications, technical overviews and source code.

5.  All communications between Forth and any customer of Forth, including but not limiting to FedEx, relating to the development of any Software used in the Identified Products, and all documents and things concerning such communications.

6.  All documents and things concerning the purchase or sale of any Identified Products by Forth or any customer of Forth, including but not limiting to FedEx, prior to January 14, 1988, including but not limited to invoices.

7.  All marketing documents, dated prior to January 14, 1988, concerning the Identified Products, including but not limited to product brochures, trade show exhibits, and/or other advertisements.

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, hereby certify that on June 10, 2005, I caused to be electronically filed a true and correct copy of the foregoing *Notice of Subpoena Directed to Forth, Inc.* with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> MORRIS NICHOLS ARSHT & TUNNELL
> 1201 N. Market Street
> Wilmington, DE 19801
> [jblumenfeld@mnat.com]

I further certify that on June 10, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel, and that a copy was served on the following non-registered participants on the same date in the manner indicated:

### *By FedEx*

> Frederick A. Lorig, Esquire
> Bruce R. Zisser, Esquire
> BRIGHT & LORIG, P.C.
> 633 West Fifth Street
> Suite 3330
> Los Angeles, CA 90071

> Carson Veach, Esquire
> Leland W. Hutchinson, Jr., Esquire
> Jennifer Fitzgerald, Esquire
> FREEBORN & PETERS LLP
> 311 South Wacker Drive
> Suite 3000
> Chicago, IL 60606

_____/s/ Karen L. Pascale_____
BOUCHARD MARGULES & FRIEDLANDER, P.A.
Andre G. Bouchard (#2504) [abouchard@bmf-law.com]
Karen L. Pascale (#2903) [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
(302) 573-3500
  *Attorneys for Plaintiff, Symbol Technologies, Inc.*