# EXHIBIT 1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SYMBOL TECHNOLOGIES INC.

V.

INTERMEC TECHNOLOGIES CORP.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] C.A. No. 05-147 (SLR)
Pending in the United States District Court
for the District of Delaware

TO: Proxim Wireless Networks, Inc.
935 Stewart Drive
Sunnyvale, CA  94085

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

XX   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):   **See Exhibit A.**

| PLACE | DATE AND TIME |
|---|---|
| Davis Polk & Wardwell, 1600 El Camino Real, Menlo Park, CA  94025 | **August 19, 2005, 10:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Intermec Technologies Corp. | July 18, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Maryellen Noreika, Esq., Morris, Nichols, Arsht & Tunnell, 1201
North Market Street, Wilmington, DE  19801, (302) 658-9200

(See Rule 45 Federal Rules of Civil Procedure Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.

   (B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## EXHIBIT A

### DEFINITIONS

1. "Proxim" means Proxim Wireless Networks, Inc., its predecessor Proxim Inc., its parent corporation, Proxim Corporation, and its subsidiaries and affiliates, and their officers, directors, attorneys and agents.

2. "The '449 patent" means U.S. Patent No. 6,473,449 B1, and all patent applications leading thereto.

3. "The '060 patent" means U.S. Patent No. 5,809,060, and all patent applications leading thereto.

4. "The '812 patent" means U.S. Patent No. 6,075,812, and all patent applications leading thereto.

5. "Symbol" means Symbol Technologies Inc., its subsidiaries and affiliates, and their officers, directors, attorneys and agents.

### REQUESTS FOR PRODUCTION

1. All documents concerning the conception, development and reduction to practice of the subject matter of the '449 patent.

2. All documents concerning the prosecution of the applications leading to the '060, '812 or '449 patent.

3. All documents concerning the ownership, assignment, transfer or licensing of the '060, '812 or '449 patent.

4. All documents concerning any security agreements concerning the '060, '812 or '449 patent.

5. All documents constituting or concerning communications with Symbol concerning the '060, '812 or '449 patent.

6. All documents constituting or concerning any agreements with Symbol concerning the '060, '812 or '449 patent.

7. All prior art to, or cited against, the '060, '812 or '449 patent.

8. All documents concerning any contention made by any third party, including Symbol, as to the invalidity, unenforceability or noninfringement of the '060, '812 or '449 patent.

9. All documents concerning any judicial or administrative proceedings concerning the '060, '812 or '449 patent.

10. All documents constituting or concerning the Small Business Innovation Research (SBIR) grant, including without limitation unredacted versions of the initial proposal and final report referred to in the February 13, 1997 Declaration of Jeffrey R. Fischer submitted in support of Appl. S.N. 08/369,778.

11. All documents concerning the development, demonstration, or distribution of the computer-simulated system referred to in the February 13, 1997 Declaration of Jeffrey H. Fischer submitted in support of Appl. S.N. 08/369,778.

12. All documents concerning the development, demonstration, or distribution of the printed circuit board referred to in the February 13, 1997 Declaration of Jeffrey H. Fischer submitted in support of Appl. S.N. 08/369,778.

13. All documents constituting or concerning Disclosure Document No. 331,998, which was referenced in the prosecution history for abandoned Appl. S.N. 08/198,138

2

filed February 17, 1994 entitled "High Data Rate Wireless Local Area Network" and assigned to Micrilor.

    14.    All documents constituting or concerning any communication or agreement with Micrilor, Inc., John H. Cafarella or Jeffrey H. Fischer.

    15.    All documents concerning any participation by Proxim or Micrilor (or by employees or representatives thereof) in any IEEE standards proceedings relating to the subject matter of the '060, '812, or '449 patents.

    16.    All documents constituting or concerning any communications between Proxim or Microlir (or representatives thereof) and the IEEE (or representatives thereof) regarding the subject matter of the '060, '812, or '449 patents, or the licensing of said patents,

    17.    All documents concerning any participation by Proxim or Micrilor, or their employees or agents, relating to the proposed or adopted IEEE 802.11, 802.11b or 802.11g standards including, but not limited to, documents concerning the applications that resulted in the '449 Patent.