## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYMBOL TECHNOLOGIES, INC.,<br>a Delaware Corporation, | ) ) | |
| Plaintiff, | ) ) | |
| | ) | Civil Action No. 05-147-SLR |
| v. | ) ) | |
| INTERMEC TECHNOLOGIES CORP.,<br>a Washington Corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SUBPOENA DIRECTED TO F. MICHAEL WEAVER

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff and Counterclaim Defendant Symbol Technologies, Inc. has served a subpoena upon F. Michael Weaver, in the form attached hereto, for deposition on August 17, 2005, and for the production on August 3, 2005 of the documents described in Schedule "A" of Document Requests attached to the subpoena.

BOUCHARD MARGULES & FRIEDLANDER, P.A.

July 26, 2005

_____/s/ Karen L. Pascale_____
Andre G. Bouchard (I.D. No. 2504)
Karen L. Pascale (I.D. No. 2903)
 [kpascale@bmf-law.com]
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500

*Attorneys for Plaintiff and Counterclaim
Defendant, Symbol Technologies, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
Tedd W. Van Buskirk
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

___WESTERN___          DISTRICT OF          ___NORTH CAROLINA___

SYMBOL TECHNOLOGIES, INC.,
  Plaintiff-Counterclaim Defendant,

**V.**

INTERMEC TECHNOLOGIES CORP.,
  Defendant-Counterclaimant.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]   05-147-SLR

TO:  F. Michael Weaver
     Intrinsic Marks International, LLC
     8916 Hunters Pointe
     Huntersville. NC 28078

PENDING IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Veritext LLC, 1230 West Morehead St., Suite 408, Charlotte, NC 28208 (919) 831-8877 | August 17, 2005, 9:30 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached "Schedule A" of Document Requests

| PLACE | DATE AND TIME |
|---|---|
| Hogan & Hartson L.L.P., 875 Third Avenue, New York, NY 10022 | August 3, 2005, 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff-Counterclaim Defendant | July 20, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan M. Sobel, Hogan & Hartson L.L.P., 875 Third Avenue, New York, NY 10022, (212) 918-3541

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A
## DOCUMENT REQUESTS
### *DEFINITIONS*

1.      "HHP" means Hand Held Products, Inc., and its parents, subsidiaries, divisions, branches, affiliates, predecessors or successors in business of either of these companies, and wholly owned or partially owned entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including without limitation any agents, employees, officers, directors, attorneys, investigators, and consultants of any of the foregoing.

2.      "Forth" means Forth, Inc., and its parents, subsidiaries, divisions, branches, affiliates, predecessors or successors in business of either of these companies, and wholly owned or partially owned entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including without limitation any agents, employees, officers, directors, attorneys, investigators, and consultants of any of the foregoing.

3.      "FedEx" means FedEx Corporation, and its parents, subsidiaries, divisions, branches, affiliates, predecessors or successors in business of either of these companies, and wholly owned or partially owned entities acting or purporting to act for or on behalf of the foregoing or who are subject to the direction or control of the foregoing, including without limitation any agents, employees, officers, directors, attorneys, investigators, and consultants of any of the foregoing.

4.      "The Identified Products" means all portable data processing devices that were manufactured, sold or used by HHP or any customer of HHP, including but not limited to FedEx,

between January 1, 1980 to January 14, 1988, including but not limited to all versions of the devices known as the SuperTracker, the Microwand, the Microwand Homebase, and the Smart Base.

5.      The term "Software" includes any computer program, operating system, source code, firmware, and the hardware environment in which any of the foregoing software runs.

6.      "The Forth Development System" means anything provided or used by Forth to develop Software for The Identified Products, including but not limited to the Forth language, PolyForth, the ChipForth development system, and any other programming languages, software development systems, software development tools, software development environments, compilers, processors, and/or hardware.

## REQUESTS FOR PRODUCTION

1.      Representative samples of each of The Identified Products.

2.      Documents sufficient to identify the version, trade name, model number, and/or other applicable designation for: a) each of The Identified Products; b) each operating system used in each of The Identified Products; and c) each component of The Forth Development System.

3.      All documents and things concerning the structure, function and/or operation of each of The Identified Products, and the Software used in each of the Identified Products, including but not limited to, user's manuals, specifications, technical overviews and source code.

4.      All documents and things concerning The Forth Development System, including but not limited to, user's manuals, specifications, technical overviews and source code.

2

5.      All documents and things concerning the purchase, sale, or use of any of The Identified Products by HHP or any customer of HHP, including but not limited to FedEx and Forth, prior to January 14, 1988, including but not limited to invoices.

6.      All marketing documents, dated prior to January 14, 1988, concerning The Identified Products, including but not limited to product brochures, trade show exhibits, and/or other advertisements.

7.      All documents and things concerning any actual or potential development work done by HHP and/or F. Michael Weaver on behalf of FedEx, prior to January 14, 1988.

8.      All document and things concerning any actual or potential development work done by HHP and/or F. Michael Weaver in connection with Forth, including but not limited to any use of the Forth Development System, prior to January 14, 1988.

9.      All documents and things concerning any actual or potential development work done by F. Michael Weaver on behalf of HHP in connection with The Identified Products, prior to January 14, 1988.

10.      All communications between or among HHP, F. Michael Weaver and any other person or entity, including but not limited to FedEx and Forth, relating to the development of The Identified Products, and all documents and things concerning such communications.

11.      All advertisements of the Microwand, and all documents and things concerning such advertisements.

3

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, hereby certify that on July 26, 2005, I caused to be electronically filed a true and correct copy of the foregoing *Notice of Subpoena Directed to F. Michael Weaver* with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> MORRIS NICHOLS ARSHT & TUNNELL
> 1201 N. Market Street
> Wilmington, DE 19801
> [jbbefiling@mnat.com]

I further certify that on July 26, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel, and that a copy was served on the following non-registered participants on the same date in the manner indicated:

> ### *By E-mail*
>
> Frederick A. Lorig, Esquire
> BRIGHT & LORIG, P.C.
> 633 West Fifth Street
> Suite 3330
> Los Angeles, CA 90071
> [florig@brightlorig.com]
>
> Carson Veach, Esquire
> FREEBORN & PETERS LLP
> 311 South Wacker Drive
> Suite 3000
> Chicago, IL 60606
> [cveach@freebornpeters.com]

> _____/s/ Karen L. Pascale_____
> BOUCHARD MARGULES & FRIEDLANDER, P.A.
> Andre G. Bouchard (#2504) [abouchard@bmf-law.com]
> Karen L. Pascale (#2903) [kpascale@bmf-law.com]
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801
> (302) 573-3500
> *Attorneys for Plaintiff and Counterclaim Defendant,*
> *Symbol Technologies, Inc.*