IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOL TECHNOLOGIES INC.,<br>a Delaware Corporation,<br><br>    Plaintiff-Counterclaim Defendant,<br><br>    v.<br><br>INTERMEC TECHNOLOGIES CORP.,<br>a Washington Corporation,<br><br>    Defendant-Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-147-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF SERVICE OF SUBPOENA**

PLEASE TAKE NOTICE that the Subpoena attached hereto as Exhibit 1 will be served upon Jeffrey H. Fischer, 30 Emerson Place, Boston, MA 902114.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Benjamin J. Schladweiler*
_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
Benjamin Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  *Attorneys for Defendant*
  *Intermec Technologies Corp.*

August 5, 2005
475133

## **CERTIFICATE OF SERVICE**

I, Benjamin Schladweiler, hereby certify that on August 5, 2005 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Arthur G. Connolly, III
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on August 5, 2005 upon the following in the manner indicated:

### **BY HAND**

Arthur G. Connolly, III
Connolly, Bove, Lodge & Hutz
1007 North Orange Street
PO Box 2207
Wilmington, DE 19899

### **BY FEDERAL EXPRESS**

Eric J. Lobenfeld, Esquire
Hogan & Hartson
875 Third Avenue
New York, NY  10022

*/s/ Benjamin J. Schladweiler*

Morris, Nichols, Arsht & Tunnell
(302) 658-9200
bschladweiler@mnat.com

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SYMBOL TECHNOLOGIES INC.,
a Delaware Corporation,

    Plaintiff-Counterclaim Defendant,

    v.

INTERMEC TECHNOLOGIES CORP.,
a Washington Corporation,

    Defendant-Counterclaim Plaintiff.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-147 (SLR)
Pending in the United States District Court for the District of Delaware

TO:  Jeffrey H. Fischer
     30 Emerson Pl.
     Boston, MA 02114

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): see Exhibit A

| PLACE | DATE AND TIME |
| --- | --- |
| LegaLink<br>320 Congress Street, 4th Floor<br>Boston, MA 02210 | August 26, 2005 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]*<br>Attorney for Defendant | 8/5/05<br>August 5, 2005 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
| --- | --- |
| Benjamin Schladweiler<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, DE 19899 | (302) 658-9200 |

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | Date | Place |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

Case 1:05-cv-00147-SLR     Document 35     Filed 08/05/2005     Page 6 of 9

EXHIBIT A

DEFINITIONS

1. "Micrilor" means Micrilor, Inc., its subsidiaries and affiliates, and their officers, directors, attorneys and agents.

2. "Proxim" means Proxim Wireless Networks, Inc., its predecessor Proxim Inc., its parent corporation, Proxim Corporation, and its subsidiaries and affiliates, and their officers, directors, attorneys and agents.

3. "Symbol" means Symbol Technologies Inc., its subsidiaries and affiliates, and their directors, attorneys and agents.

4. "The '449 patent" means U.S. Patent No. 6,473,449 and all patent applications leading thereto.

5. "The '060 patent" means U.S. Patent No. 5,809,060 and all patent applications leading thereto.

6. "The '812 patent" means U.S. Patent No. 6,075,812 and all patent applications leading thereto.

REQUESTS FOR PRODUCTION

1. All documents (including but not limited to notebooks, memoranda, and reports) concerning the conception, development and reduction to practice of the subject matter of the '449 patent.

2. All documents concerning the prosecution of the applications leading to the '060, '812 and/or '449 patents.

3. All prior art relating to the '060, '812 and/or '449 patents.

4. All documents constituting or concerning communications or agreements with Micrilor, Proxim, Symbol, or John H. Cafarella concerning the '060, '812 and/or '449 patents.

5. All documents constituting or concerning Micrilor's Small Business Innovation Research ("SBIR") grant from the Department of Defense, including without limitation unredacted versions of the initial proposal and final report referred to in the February 13, 1997 Declaration of Jeffrey R. Fischer (the "Fischer Declaration," a copy of which is attached hereto as Exhibit 1) submitted in support of Appl. S.N. 08/369,778, and any other interim reports submitted.

6. All documents constituting or concerning any offer to sell to the Army or to any other DOD agency the technology (or products practicing the technology) discussed in the Fischer Declaration, the initial proposal or the final report referred to in the Fischer Declaration.

7. All documents constituting or concerning any invention disclosures, patent filings, or patent rights with respect to the SBIR contract and grant discussed in the Fischer Declaration.

8. All documents concerning the development, demonstration, or distribution of the computer-simulated system referred to in the Fischer Declaration.

9. All documents concerning the development, demonstration, or distribution of the printed circuit board referred to in the Fischer Declaration.

10. All documents concerning your participation or Micrilor's participation in any IEEE standards proceedings relating to the subject matter of the '060, '812 and/or '449 patents.

11. All documents concerning your participation relating to the proposed or adopted IEEE 802.11, 802.11b or 802.11g standards including, but not limited to, documents concerning the applications that resulted in the '449 patent.

12. All documents concerning the ownership, assignment, transfer, or licensing of the '060, '812 and/or '449 patents.

13. All documents constituting or concerning Disclosure Document No. 331,998, which was referenced in the prosecution history for abandoned Appl. S.N. 08/198,138 filed February 17, 1994 entitled "High Data Rate Wireless Local Area Network" and assigned to Micrilor, as well as in the Fischer Declaration.

14. All documents concerning your, or Micrilor's, collaboration with the Massachusetts Institute of Technology's ("MIT") Lincoln Laboratory, including documents concerning the Lincoln Laboratory's use of the Matlab computer simulation program and code discussed in the Fischer Declaration and in the SBIR Final Report entitled "High-Data-Rate Wireless LAN for Tactical Multimedia Networks," documents concerning any use by the Lincoln Laboratory of the technology discussed in said Final Report, documents concerning or constituting an offer to sell the technology (or products practicing the technology) discussed in said Final Report to the Lincoln Laboratory, and documents concerning or constituting any agreements between you, or Micrilor, and MIT.