IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYMBOL TECHNOLOGIES, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 05-147-SLR |
| INTERMEC TECHNOLOGIES CORP., | ) ) ) | |
| Defendant. | ) | |
| SYMBOL TECHNOLOGIES, INC., | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 05-528-SLR |
| INTERMEC TECHNOLOGIES CORP., | ) ) ) | |
| Defendant. | ) | |

### INTERMEC'S RESPONSE TO SYMBOL'S MOTION TO CONSOLIDATE

Plaintiff Symbol Technologies, Inc. ("Symbol") filed a patent infringement action against Intermec Technologies Corp. ("Intermec") in this Court on March 10, 2005 (C.A. No. 05-147-SLR) and another patent infringement action against Intermec in the Western District of Wisconsin on April 28, 2005. Even though the two cases involve some overlapping accused products and an identical defense, Symbol chose to file them in different courts. The Wisconsin action was recently transferred to this Court (C.A. No. 05-528-SLR), over Symbol's opposition.

Symbol has moved to consolidate its two actions and to put its later-filed action on the same schedule that was set in its earlier-filed action more than three months ago (on May 20, 2005). Contrary to the assertions in Symbol's moving papers, Intermec has not opposed consolidation for purposes of pre-trial discovery. Given the deadlines in the Scheduling Order in

the 05-147 action (D.I. 18), the lack of any progress to date in discovery and the number of patents involved, Intermec believes that consolidation of the cases for discovery will require an adjustment of the current 05-147 schedule. Further, Intermec believes that it is premature to decide whether the two actions – currently containing twelve patents and many accused products – should be consolidated for trial.

## ARGUMENT

Contrary to what Symbol says in its motion papers, Intermec never told Symbol "that it was no longer interested in complete consolidation," nor "suggested instead that, if the actions are 'consolidated' at all, they should proceed on different schedules" (D.I. 40 in 05-147; D.I. 55 in 05-528, at 3). When the Wisconsin case was transferred to this Court, Symbol represented that it was going to "seek consolidation of the Wisconsin case" with a contract dispute between the same parties pending before Judge Sleet (C.A. No. 05-146-GMS) "to preserve the mid-2006 trial date" that had been set in Wisconsin (D.I. 26, p. 4 in C.A. No. 05-146-GMS). Intermec told Judge Sleet (as it had argued in Wisconsin) that, given the overlap in accused products and an identical license defense, the transferred Wisconsin case should be before Your Honor and also that there was no justification for leapfrogging that later-filed case over other earlier-filed cases in this Court (7/26/05 Tr. at 39-40 in C.A. No. 05-146-GMS). Judge Sleet rejected Symbol's attempt to short cut the time to trial for the transferred case, and instructed the parties to agree on the judge to whom the case should be assigned (*id.* at 44-45).

Thereafter, on August 3, 2005, Symbol's counsel told Intermec's counsel that Symbol would agree to have the transferred case assigned to Your Honor if Intermec would agree to put that case on the same schedule that had been set for the earlier-filed case before Your Honor (C.A. No. 05-147). Intermec's counsel questioned whether the schedule already set in C.A. No. 05-

2

147 would be appropriate for the consolidated cases – containing at least twelve patents, with more likely to be added – but offered to get back to Symbol. That same day the case was assigned to Your Honor and Symbol had no further discussions with Intermec on the subject prior to filing its motion to consolidate.[1]

Intermec agrees that there is overlap between the two actions and has never opposed – and does not now oppose – consolidation of discovery in these two cases.[2] Intermec is concerned, however, that the schedule that the Court set in the 05-147 action will not provide sufficient time to complete fact discovery in the combined cases. To justify its position, Symbol states that "both actions are at similar stages of preparation" and "no depositions have been taken in either action; exchange of documents has only recently begun" (D.I. 55 in 05-528, at 10-11). What Symbol ignores is the fact that Intermec requested documents from Symbol in the 05-147 action in May 2005 and, even with an October 20, 2005 date for completion of document production, Symbol still has yet to produce a single document. That is particularly surprising because Symbol has already litigated two of the four patents it has asserted in the 05-147 action (and patents related to the other two) and thus should have been prepared to produce its documents from the prior litigation right away. Symbol also has not even responded to a proposed Stipulated Protective Order that Intermec sent it on August 4, 2005. Nor has Symbol produced any documents in response to Intermec's June 2005 document requests in the 05-528 action.

---

[1] In the absence of any further discussions, Symbol filed its Motion To Consolidate without the statement required by D. Del. LR 7.1.1.

[2] This has been Intermec's consistent position. Symbol, on the other hand, argued in Wisconsin that the two cases are "wholly unrelated," the technologies are "entirely different," there would be "completely different proof on infringement and validity" and that the Delaware court "certainly…would not try all the patent claims at one time" (Symbol's Opp. To Intermec's Motion To Transfer, W. D. Wisconsin D.I. 11 in 05-528, at 10-14). It is Symbol that has done an about-face from its position in Wisconsin.

With twelve patents in the two cases, a document production completion date of October 20, 2005 and a fact discovery cut off date of July 26, 2006 in the 05-147 action, and Symbol not having produced a single document in either case,[3] additional time in the schedule will be necessary to get these two actions ready for trial. The schedule is complicated by the fact that the same lawyers representing these or affiliated parties have other trials scheduled before Judge Sleet in March 2006 (in 05-146-GMS) and May 2006 (in 04-357-GMS). Under the circumstances, Intermec has proposed to Symbol a consolidated schedule for the two cases, which would move all dates out modestly, by two months. That proposed schedule will be submitted to the Court in connection with the conference set for September 14, 2005 in C.A. Nos. 05-147-SLR and 05-528-SLR.[4]

Intermec also believes that Symbol's suggestion that the two cases should be consolidated for trial is premature. With twelve patents so far, numerous accused products, and the date for amendment of pleadings still several months away, it is impossible to predict what this case will look like in 2007, or the most sensible way to present the various claims and defenses to a jury or juries. Intermec suggests instead that the Court set a status conference for early 2007, when the issues will be more crystallized, to discuss how the trial of the cases should proceed.

---

[3]    The parties will likely have millions of pages of documents to produce in these actions.

[4]    The parties are currently discussing that proposal but have not yet come to an agreement.

## CONCLUSION

For the foregoing reasons, Intermec does not oppose consolidation for discovery, and requests that any decision on consolidation for purposes of trial be deferred.

MORRIS, NICHOLS, ARSHT & TUNNELL

   */s/ Maryellen Noreika*
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
   Attorneys for Defendant Intermec
   Technologies Corp.

OF COUNSEL:

Frederick A. Lorig
Bruce R. Zisser
BRIGHT & LORIG
633 West Fifth Street
Suite 3330
Los Angeles, CA  90071
(213) 627-7774

Carson P. Veach
Leland W. Hutchinson, Jr.
Jennifer Fitzgerald
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, IL  60606
(312) 360-6000

August 29, 2005

CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on August 29, 2005 I electronically filed INTERMEC'S RESPONSE TO SYMBOL'S MOTION TO CONSOLIDATE with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Arthur G. Connolly, III
Connolly, Bove, Lodge & Hutz LLP

I also certify that copies were caused to be served on August 29, 2005 upon the following in the manner indicated:

**BY HAND**

Arthur G. Connolly, III
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899

**BY FEDERAL EXPRESS**

Eric J. Lobenfeld
Hogan & Hartson
875 Third Avenue
New York, NY  10022

/s/ Maryellen Noreika
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
mnoreika@mnat.com