IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYMBOL TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-528-SLR |
| | ) | |
| INTERMEC TECHNOLOGIES CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| SYMBOL TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff-Counterclaim Defendant, | ) | |
| | ) | Civil Action No. 05-147-SLR |
| v. | ) | |
| | ) | |
| INTERMEC TECHNOLOGIES CORP., | ) | |
| | ) | |
| Defendant-Counterclaimant. | ) | |

**PLAINTIFF SYMBOL TECHNOLOGIES, INC.'S REPLY IN
SUPPORT OF ITS MOTION TO CONSOLIDATE PURSUANT TO RULE 42**

OF COUNSEL:
Eric J. Lobenfeld
Ira J. Schaefer
Lawrence Brocchini
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

September 6, 2005

Arthur G. Connolly, III (#2667)
Kevin F. Brady (#2248)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
(302) 658-9141

*Attorneys for Plaintiff Symbol Technologies, Inc.*

\\\\NY - 21107/0030 - 910232 v4

Symbol Technologies, Inc. ("Symbol") submits this reply in further support of it motion to consolidate Civil Action No. 05-528-SLR with Civil Action No. 05-147-SLR for all pre-trial purposes and for trial. After initially opposing any consolidation, defendant Intermec Technologies, Inc. ("Intermec") now *agrees* that the actions should be consolidated for discovery. Intermec does not state that it opposes consolidation for trial as well. Rather, Intermec asserts with no explanation that consolidation for trial purposes is "premature" at this time. As set forth more fully below, consolidation for both pre-trial purposes and trial is warranted because consolidation will promote the efficient and expeditious resolution of these actions.

## ARGUMENT

### I. THE PARTIES AGREE THAT CONSOLIDATION FOR PRE-TRIAL PURPOSES IS APPROPRIATE

In its response, Intermec states that it agrees with Symbol that the two actions should be consolidated for discovery, and further proposes that the dates in the consolidated discovery schedule be pushed out by two months. (Intermec's Response to Symbol's Motion to Consolidate ("Intermec Response"), p. 4) Symbol is agreeable to this schedule. Indeed, Symbol anticipates that this proposed two-month delay will be reflected in the proposed scheduling order submitted to the Court.

### II. CONSOLIDATION FOR TRIAL WILL SERVE THE JUST AND EFFICIENT CONDUCT OF THE LITIGATION

For the same reasons that these actions should – as Intermec argued in seeking transfer and does not now dispute – be consolidated for pre-trial purposes, they should also be consolidated for trial. Consolidation for trial, as with consolidation for discovery purposes, will promote judicial efficiency and benefit the parties. Consolidation for trial will also avoid the

\\\NY - 21107/0030 - 910232 v4

possibility of inconsistent damage determinations against Intermec that it previously cited to justify transfer of this action. (*See* Intermec's Memorandum in Support of its Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), p. 8.) Because consolidation here will serve judicial efficiency and benefit the parties and witnesses, Symbol respectfully submits that consolidating these actions for trial at this time is appropriate. *See* Fed. R. Civ. P. 42(a) ("a district court [has] broad power . . . to consolidate causes for trial as may facilitate the administration of justice"); *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673 (3d Cir. 1964); *see also Syngenta Seeds, Inc. v. Monsanto Co.*, No. Civ. 04-908-SLR, 2005 WL 678855, *2 (D. Del. 2005).

Intermec does not suggest – nor could it – that a consolidated trial will result in inconvenience, delay, additional expense or other prejudice to it. Nor does it explain why these cases are appropriate for pre-trial consolidation, but why the Court should await further proceedings to decide whether to consolidate for trial.[1] If the cases present common issues warranting consolidation for trial now, a narrowing of the issues through discovery and summary judgment will only simplify the issues in the single trial. But that likely narrowing will not make it appropriate to multiply the proceedings and conduct multiple trials. There is simply no reason to wait to set a trial date.

\\NY - 21107/0030 - 910232 v4

## CONCLUSION

Consolidated pre-trial and trial proceedings would further the just and efficient conduct of the litigation and serve the convenience of the parties and witnesses. For all of the above reasons, Symbol respectfully requests that this Court grant its motion to consolidate.

September 6, 2005

CONNOLLY BOVE LODGE & HUTZ LLP

/s/Arthur G. Connolly, III
Kevin F. Brady (#2248)
The Nemours Building
1007 North Orange Street
Wilmington, DE 19801
(302) 658-9141

*Attorneys for Plaintiff*
*Symbol Technologies, Inc.*

OF COUNSEL:

Eric J. Lobenfeld
Ira J. Schaefer
Lawrence Brocchini
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York 10022
(212) 918-3000

---

[1] Needless to say, when it came time to set a trial date for Symbol's claims against Intermec and Intermec's counterclaims against Symbol in C.A. No. 05-147, Intermec did not argue that the Court should defer setting a single trial date until after the issues in the case crystallize, as it does now.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 6, 2005, true and correct copies of **PLAINTIFF SYMBOL TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO CONSOLIDATE PURSUANT TO RULE 42** were served on the following counsel of record for Defendant in the manner indicated:

**By Hand Delivery**
Jack B. Blumenfeld, Esquire
MORRIS NICHOLS ARSHT & TUNNELL
1201 N. Market Street
Wilmington, DE 19801

**By FedEx**
Frederick A. Lorig, Esquire
Bruce R. Zisser, Esquire
BRIGHT & LORIG, P.C.
633 West Fifth Street
Suite 3330
Los Angeles, CA 90071

Carson Veach, Esquire
Leland W. Hutchinson, Jr., Esquire
Jennifer Fitzgerald, Esquire
FREEBORN & PETERS LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606

/s/Arthur G. Connolly, III